**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONIA SCOTT,** | : |
| | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:16-0337 |
| | : |
| v. | : |
| | : (JUDGE MANNION) |
| **EDYE MCCARTHY, et al.,** | : |
| | : |
| **Defendants** | : |

# M E M O R A N D U M

Pending before the court is a complaint filed by *pro se* plaintiff Tonia Scott which appears to seek to prevent the four named defendant tax assessors from possessing and selling her real properties located in the Middle District of Pennsylvania, the Eastern District of Pennsylvania, and in the Southern District of New York. (Doc. 1). Plaintiff also appears to seek that the defendant tax assessors be required to convey to her all rights to these properties free and clear from any future tax assessments. For the following reasons, the complaint will be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction and/or for improper venue. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

---

[1]Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. Thus, her motion is clearly inadequate. Nonetheless, in the court's discretion, the motion will be granted for present purposes only.

**I.    BACKGROUND**

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed her complaint against Edye McCarthy, tax assessor for the Town of Greenburgh, located in Westchester County, New York; Cindy Treible, chief tax assessor for Stroudsburg, Monroe County, Pennsylvania; Lloyd Tasch, chief tax assessor for White Plains, Westchester County, New York; and, Francis Unger, tax assessor for Allentown, Lehigh County, Pennsylvania. Plaintiff indicates that this court has diversity jurisdiction over her action pursuant to 28 U.S.C. §1332. While her pleading is difficult to comprehend and is in clear violation of Fed.R.Civ.P. 8 and 10, it appears that plaintiff is alleging that she owns properties over which the defendant tax assessors have jurisdiction. On October 28, 2015, plaintiff allegedly sent faxes to the defendants "pertaining to legal ownership of each exclusive property within their jurisdictions." Plaintiff notified defendants that she "wished to take natural possession of each property in trusted, within accordance of Constitutional Right and Treaties." Plaintiff also stated she advised defendants that her properties were not "abandoned, vacated, or forsaken." Plaintiff claims that she is entitled to possession of the properties since she is an "Aboriginal/Indigenous American Indian", that her land is "Indian land", and that she is "an heir of the North American continent." She appears to allege that defendant tax assessors cannot tax, possess and sell her properties, seemingly for delinquent real estate taxes, since their

jurisdictions were prohibited from making any law that effects her rights as an indigenous person "to fully and effectively enjoy [her] right of self-determination." Plaintiff cites to various treaties and declarations which allegedly hold that indigenous peoples have the right to the lands which they have traditionally owned, occupied, used or acquired. Plaintiff alleges that defendants are committing fraud by taking her properties and violating her constitutional rights since they lack jurisdiction over her properties as she is an indigenous person, and that they are guilty of conversion by taking her properties from her. She also states that defendants have refused to comply with her requests to convey the properties back to her. As relief, plaintiff seeks the court to order defendants to convey her properties to her, apparently free and clear of all tax liens and encumbrances.

## II. DISCUSSION

To date, plaintiff's complaint has not been served on any defendant and no response to her complaint is due by any defendant at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to

prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the court lacks subject matter jurisdiction over plaintiff's case and therefore, the case must be dismissed. Moreover, venue is improper as to three defendants McCarthy, Tasch, and Unger, and diversity jurisdiction is lacking as to defendant Treible.

As stated, plaintiff indicates that this court has diversity jurisdiction over her action under §1332. Even if it were so, venue is improper in this court as to defendants McCarthy, Tasch, and Unger pursuant to 28 U.S.C. §1391(a) since plaintiff is a resident of Pennsylvania and the property, and all of the events or omissions giving rise to the claims of plaintiff with respect to McCarthy and Tasch occurred in Westchester County, which is in the Southern District of New York, and her claims against Unger occurred in Lehigh County, which is in the Eastern District of Pennsylvania.

Venue for actions brought under §1332 is governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since the incidents complained of against defendants McCarthy and

Tasch emanate from Westchester County, New York and these defendants are residents of New York, both of which are located in the Southern District of New York, venue is appropriate in that District not in the Middle District of Pennsylvania. As to defendant Unger, the incidents complained of occurred in Lehigh County, Pennsylvania, and this defendant is located in Lehigh County. As such, the proper venue as to Unger is the Eastern District of Pennsylvania.

"A District Court is granted discretion to *sua sponte* transfer cases by 28 U.S.C. §1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015) (citations omitted). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, ..., applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). The original venue in the instant case is improper in this court as to defendants McCarthy, Tasch, and Unger. However, the court need not transfer this case as to these defendants to the proper venue under §1406(a) since federal courts lack subject matter jurisdiction over plaintiff's case as

5

discussed below.

The only defendant located in this district is Treible, and since both she and plaintiff are citizens of Pennsylvania, there is no diversity jurisdiction between these parties. A federal court is entitled to, and should, raise questions regarding subject matter jurisdiction *sua sponte*. Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citation omitted). Thus, this court lacks diversity jurisdiction as to defendant Treible.

In addition to improper venue as to McCarthy, Tasch and Unger, and lack of diversity as to Treible, the court finds it lacks subject matter jurisdiction over plaintiff's complaint to the extent it is deemed filed pursuant to 28 U.S.C. §1331. Plaintiff's claims seemingly relate to the real estate taxes assessed on her properties located in Westchester County, New York, Allentown, Pennsylvania and Monroe County, Pennsylvania, and to proposed tax sales of her properties. Plaintiff appears to allege that the defendant tax assessors and the real estate taxes imposed on her properties are unlawful as against her and as against all indigenous persons since she claims they are exempt from such taxes and that the defendants' possession of her properties amounts to unlawful conversion. She seeks this court to convey her properties back to her free and clear of all taxes.

Based on the foregoing, the court finds that plaintiff is alleging that the laws authorizing the defendants to impose real estate property taxes on her properties are inherently constitutionally deficient. As such, the Tax Injunction

Act ("TIA"), 28 U.S.C. §1341, applies to this case since "the effect of the [plaintiff's] lawsuit is to challenge the 'assessment, levy or collection' of a tax." Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *6 (M.D.Pa. March 19, 2013); Himchak v. Kane, 2015 WL 1321609 (M.D.Pa. March 24, 2015). To the extent plaintiff is challenging the tax systems and the manner in which the tax agencies assessed her properties with respect to real estate taxes, this federal court lacks subject matter jurisdiction over such a challenge under the Tax Injunction Act. Plaintiff is essentially seeking this court to declare the defendants' tax systems, used to assess real estate taxes on her properties, as unconstitutional.

In Gass v. County of Allegheny, PA, 371 F.3d 134, 136 (3d Cir. 2004), the Third Circuit stated:

> The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).

The TIA applies to plaintiff's case. See Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *7,; Agarwal v. Schuykill County Tax Claim Bureau, 2010 WL 5175021, *13–*14 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec.15, 2010), affirmed by 442 Fed.Appx. 733 (3d Cir. 2011). "Because the TIA applies to [plaintiff's] suit,

7

this court lacks jurisdiction to hear [her] claims against the county Defendants if the available state remedies are 'plain, speedy and efficient.'" Dommel Properties, 2013 WL 1149265, *7, (citations omitted). "The Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its court." Gass, 371 F.3d at 137. The Third Circuit construes narrowly the "plain, speedy and efficient" exception to the Tax Injunction Act. Id. Also, the Third Circuit has held that "Pennsylvania provides a 'plain, adequate and complete' remedy for §1983 Plaintiffs challenging state taxation policies." Id. at 138 (quoting Balazik v. County of Dauphin, 44 F.3d 209 (3d Cir. 1995)).[2]

The Court in *Gass* stated, "[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." Id. at 139. Plaintiff is required to pursue her statutory and administrative remedies under state law to challenge the assessment of real estate taxes on her properties. Id. The *Gass* Court, citing the United States Supreme Court in Rosewell v. La Salle Nat. Bank, 450 U.S. 503, 522 & n. 29, 101 S.Ct. 1221 (1981), stated that "'first and foremost', the [Tax Injunction] Act was designed to prohibit federal judicial interference with local tax collection." Id. at 140.

---

[2]Similarly in Bernard v. Village of Spring Valley, N.Y., 30 F.3d 294 (2d Cir. 1994), the Second Circuit held that New York state remedies available to challenge the constitutionality of real property taxes were adequate. As such, the Tax Injunction Act barred taxpayer from asserting a §1983 action against the validity of the New York state tax system in federal court.

8

The only defendant for which venue is proper in this court is Treible and the claims against her relate to challenges of the assessment of taxes in Monroe County. Pennsylvania state courts provide plaintiff with "plain, speedy and efficient" remedies to raise all of her challenges, including the constitutional ones, to the assessment of real estate taxes on her property in Monroe County, as well as all Pennsylvania counties. See Himchak, supra; Church of the Overcomer v. County of Delaware, 2013 WL 5942378, *2 (E.D.Pa. Nov. 6, 2013) ("[T]he Third Circuit Court of Appeals has held unambiguously that Pennsylvania's state courts provide a 'plain, speedy and efficient' remedy for challenges to a county's assessment of real property taxes." (citing Hill v. Carpenter, 323 Fed.Appx. 167, 171 (3d Cir. 2009) (quoting Gass v. County of Allegheny, PA., 371 F.3d at 137–38)).

## III.   CONCLUSION

Therefore, the court will dismiss plaintiff's complaint (Doc. 1), in its entirety, with prejudice for lack of subject matter jurisdiction. Since the court lacks subject matter jurisdiction over plaintiff's complaint and her constitutional claims under the Tax Injunction Act, it is futile to allow plaintiff leave to amend her complaint. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0337-01.wpd